**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1305
_____

JOE PERRY,
                    Appellant

v.

NATIONAL CREDIT UNION ADMINISTRATION, and/or its agents;
OCNAC #1 FEDERAL C.U., and/or its agents; JOHN DOE 1-99
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1:19-cv-00167)
District Judge:  Honorable Noel L. Hillman
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 16, 2021
_____

Before:  CHAGARES, BIBAS, and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 19, 2021)

_____

OPINION[*]
_____

---

[*]    This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

CHAGARES, Circuit Judge.

Joe Perry alleges that his estranged wife initiated a series of unauthorized withdrawals totaling $65,000 from his accounts at a federal credit union. Perry sought to recover the lost funds from the credit union, OCNAC #1 Federal C.U. ("OCNAC"), and a government agency that regulates such entities, the National Credit Union Administration ("NCUA," collectively with OCNAC, the "defendants"). He filed a lawsuit bringing claims for negligence, breach of contract, and statutory violations. The District Court dismissed Perry's second amended complaint in full. On appeal, Perry only pursues the breach of contract claim against OCNAC. Because Perry has failed to allege that OCNAC breached a contractual provision, obligation, or duty, we will affirm.

I.

We write solely for the parties' benefit, so our summary of the facts is brief. In July 2014, Perry opened two accounts with OCNAC. Perry subsequently moved to a new address and stopped receiving quarterly account statements. After visiting an OCNAC branch, Perry learned that his estranged wife had initiated several unauthorized transactions from his accounts. Perry communicated with an OCNAC representative, who told him that the credit union's attorney would contact him. After not receiving a follow-up from OCNAC, Perry contacted the NCUA and submitted a consumer assistance form to them concerning the unauthorized transfers. The NCUA's Office of Consumer Financial Protection subsequently denied Perry's consumer assistance claim. Perry also sent a letter to OCNAC raising his claims. OCNAC denied relief on the

2

ground that Perry failed to provide notification within 60 days of any unauthorized transactions.

Perry filed a <u>pro se</u> complaint in New Jersey state court, and NCUA removed the case to the United States District Court for the District of New Jersey. With the assistance of counsel, Perry filed an amended complaint in federal court asserting claims of negligence and breach of contract against both defendants. He also brought statutory claims under the Electronic Funds Transfer Act against OCNAC and under the Federal Credit Union Act against NCUA. The District Court dismissed the amended complaint in its entirety but permitted Perry leave to amend his breach of contract claims.

Perry filed a second amended complaint and also moved to compel OCNAC to produce his account agreement. OCNAC maintained that it no longer had a copy of the agreement because it was destroyed in a flood, and it was ordered to provide exemplar versions of any lost documents. The District Court ultimately dismissed the breach of contract claim against NCUA because it sought damages in excess of the $10,000 limit imposed by 28 U.S.C. § 1346(a). The claim for breach of contract against OCNAC was dismissed for failure to state a claim. Perry timely appealed.

II.

The District Court had subject matter jurisdiction under 28 U.S.C. § 1442(a)(1) and § 1367. We have jurisdiction under 28 U.S.C. § 1291. We review a district court's grant of a motion to dismiss <u>de novo</u> and may affirm on any ground supported by the record. <u>Watters v. Bd. of Sch. Dirs. of City of Scranton</u>, 975 F.3d 406, 412 (3d Cir. 2020). On a Rule 12(b)(6) motion, "we accept all factual allegations in the complaint as

3

true and construe those facts in the light most favorable to the plaintiff[ ]."  Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018).  In determining whether the plaintiff has stated a claim, we assess whether the complaint "contain[s] sufficient factual allegations, taken as true," to plausibly allege a claim on its face.  Id. (quotation marks omitted).

## III.[1]

Under New Jersey law, a breach of contract claim requires that a plaintiff allege "that the parties entered into a valid contract, that the defendant failed to perform his obligations under the contract, and that the plaintiff sustained damages as a result." Murphy v. Implicito, 920 A.2d 678, 689 (N.J. Super. Ct. App. Div. 2007).  In support of his claim against OCNAC, Perry alleges that the credit union had a contractual responsibility to protect his funds from unauthorized withdrawals.  But Perry has failed to plead or otherwise identify a contractual provision, requirement, or duty that OCNAC breached and instead only points to a general obligation to safeguard funds.  As noted by

---

[1] To preserve an issue for appeal, "an appellant's opening brief must set forth and address each argument the appellant wishes to pursue . . . ."  Barna v. Bd. of Sch. Directors of Panther Valley Sch. Dist., 877 F.3d 136, 145 (3d Cir. 2017); see also Norman v. Elkin, 860 F.3d 111, 129–30 (3d Cir. 2017).  In Perry's opening brief to this Court, he identifies the issues for appeal as whether the District Court erred in dismissing his "claims for breach of contract, negligence, and statutory violation against defendants . . . ."  Perry Br. 1.  But other than this general identification and a passing reference when discussing the procedural history, Perry's brief fails to offer argument related to any of his claims other than the breach of contract claim against OCNAC.  These "implicit references," without any argument or citation to authority, are insufficient to preserve issues related to the dismissal of such claims on appeal.  Barna, 877 F.3d at 148; see Elkin, 860 F.3d at 129–30.  We therefore decline to address these issues and turn to Perry's claim for breach of contract against OCNAC, which is properly before us.

4

the District Court, Perry agreed that he could not "point to a specific breach of the contractual relationship between OCNAC and Plaintiff." Appendix 15 (quotation marks omitted). Perry attributes this inability to the fact that his account agreement with OCNAC was destroyed or missing. But it is uncontested that OCNAC complied with the order to produce exemplar account agreements, which likewise did not encompass a contractual obligation along the lines urged by Perry. The District Court therefore did not err in dismissing Perry's breach of contract claim against OCNAC for failure to state a claim.[2]

IV.

For the foregoing reasons, we will affirm the District Court's Order.

---

[2] Perry also argues that a variety of other contracts not alleged in the complaint were breached through a failure to maintain his account records, including OCNAC's bylaws and the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, et seq. Perry Br. 16–18. Before the District Court, Perry raised similar arguments in his opposition to defendants' motion to dismiss, and the District Court was well-within its discretion in denying him further leave to amend. See In re Allergen Erisa Litig., 975 F.3d 348, 356–57 & n.13 (3d Cir. 2020).